**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- X
ERIC SILVERIO,

                                                  Plaintiff,

   -against-

THE CITY OF NEW YORK, a municipal entity; NYPD Police Officer JAMES SIMPSON (Shield #29530), NYPD Detective CARLOS LOSADO (Shield #1174), and NYPD Police Officers "JOHN and/or JANE DOES" Nos. 1, 2, 3, etc. (whose identity are unknown but who are known to be personnel of the New York City Police Department), all of whom are sued individually and in their official capacities.

                                                Defendants.
------------------------------------------------------------------- X

**COMPLAINT**

**JURY TRIAL**

     Plaintiff ERIC SILVERIO, by his attorneys, Beldock Levine & Hoffman LLP, as and for his complaint, alleges as follows:

**PRELIMINARY STATEMENT**

     1.     This civil rights action seeks redress under 42 U.S.C. § 1983 and New York State law for injuries PLAINTIFF sustained from the unconstitutional conduct of defendants THE CITY OF NEW YORK, New York City Police Department ("NYPD") Police Officer JAMES SIMPSON (Shield #25930), NYPD Detective CARLOS LOSADO (Shield #1174), and NYPD police officers "JOHN and/or JANE DOES" Nos. 1, 2, 3, etc.

     2.     On or about the morning hours of May 22, 2014, PLAINTIFF was at the apartment of his girlfriend's mother asleep and in bed with his girlfriend and their four-year-old daughter when defendant police officers burst into the room brandishing guns

and yelling for everyone to put their hands up. The police officers claimed to be executing a warrant. Even though nothing illegal was found on plaintiff and there was no reasonable suspicion or probable cause to believe that plaintiff was engaged in any illegal activity, the police officers falsely arrested him and charged him with baseless drug related offenses. As a result of the defendant police officers' false and unlawful conduct, PLAINTIFF was imprisoned for approximately twenty-nine (29) hours and forced to return to Bronx Criminal Court approximately four times before the baseless criminal charges against him were dismissed.

3. PLAINTIFF seeks (i) compensatory damages for physical injury, psychological and emotional distress, and financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorney's fees, as this Court deems equitable and just.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4), as this action seeks redress for the violation of PLAINTIFF's constitutional and civil rights.

5. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy.

## VENUE

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to PLAINTIFF's claims took place.

## JURY DEMAND

7. PLAINTIFF demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

## THE PARTIES

8. Plaintiff ERIC SILVERIO, a citizen of the United States, is and was at all times relevant to this complaint a resident of Bronx County, City and State of New York.

9. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York.

10. The CITY is authorized by law to maintain a police department, and does maintain the NYPD which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers.

11. Defendants Police Officer JAMES SIMPSON ("SIMPSON") (Shield #29530), Detective CARLOS LOSADO ("LOSADO") (Shield #1174), and Police Officers "JOHN and/or JANE DOES" Nos. 1, 2, 3, etc. ("DOES") are NYPD police officers who unlawfully detained, frisked, and arrested PLAINTIFF without suspicion of any illegal activity, lodged false criminal charges against him, and caused him to be maliciously prosecuted.

12.     Defendants SIMPSON, LOSADO, and DOES acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the CITY and/or the NYPD.

13.     At the times relevant herein, defendants SIMPSON, LOSADO, and DOES violated clearly established rights and standards under the Fourth and Fourteenth Amendments to the United States Constitution and under equivalent New York State constitutional provisions, of which reasonable police officers in their respective circumstances would have known.

**COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW**

14.     PLAINTIFF's counsel electronically filed a Notice of Claim on behalf of PLAINTIFF upon the CITY via the New York City Comptroller's eClaim system at the New York City Comptroller's Website on March 2, 2015, within ninety days of the December 4, 2014 dismissal of PLAINTIFF's criminal charges.

15.     More than thirty days have elapsed since PLAINTIFF served his Notice of Claim and the CITY has not offered adjustment or payment thereof.

16.     This action is filed within one year and ninety days of the events giving rise to PLAINTIFF's state law claims.

**STATEMENT OF FACTS**

17.     In May, 2014, PLAINTIFF was residing at 2547 Aqueduct Avenue, Apartment 1A, Bronx, New York, which was a three-bedroom apartment.

18.     PLAINTIFF shared a bedroom with his girlfriend, Milagros Sierra, and his daughter, Niahlny Silverio, who was then four-years-old.

19. The mother of PLAINTIFF's girlfriend's, Miriam Marango, the primary tenant of the apartment, occupied another bedroom.

20. Milagros Sierra's brother, Jeremy Lugo, and her cousin, Michael Alverado, occupied the third bedroom.

21. On May 22, 2014, Milagros Sierra's other brother, Nathaniel Lugo, was also sharing the third bedroom. He had just had an operation and Jeremy Lugo was looking after him while he recovered.

22. On the morning of May 22, 2014, police officers from the NYPD Bronx Narcotics Unit forcibly entered Apartment 1A at 2547 Aqueduct Avenue with guns drawn and destructively and unreasonably searched the apartment. On information and belief, the Individual Defendants were some of the police officers involved in this incident.

23. Upon information and belief, the police had a warrant to enter the apartment. Upon information and belief, the warrant to search the entire apartment was unlawful. Upon information and belief, any warrant that certain defendants may have had did not authorize their unlawful conduct with regard to PLAINTIFF.

24. PLAINTIFF had not committed any unlawful acts to justify the conduct of the defendants towards him.

25. PLAINTIFF was asleep in bed with his girlfriend and daughter when the police officers entered.

26. A police officer broke down the door to PLAINTIFF's bedroom, pointed a gun at PLAINTIFF, Milagros Sierra, and Niahlny Silverio, and yelled at them to put their hands up and step out of the bedroom.

27. PLAINTIFF, Milagros Sierra, and Niahlny Silverio complied with the police officer's request and stepped out of their bedroom into the living room.

28. Miriam Marango, Jeremy Lugo, Nathaniel Lugo, and Michael Alverado were also brought into the living room by the police officers.

29. PLAINTIFF, Jeremy Lugo, Nathaniel Lugo, and Michael Alverado were arrested and placed in handcuffs.

30. The arrest of PLAINTIFF was without probable cause or legal justification.

31. PLAINTIFF's daughter witnessed her father being arrested and was crying hysterically.

32. The police officers searched the bedroom PLAINTIFF had been occupying with his girlfriend and daughter.

33. Upon information and belief, the police officers did not recover any evidence of illegal activity from their search of the bedroom PLAINTIFF had been occupying.

34. Three police officers then took PLAINTIFF into the bathroom and performed a strip search of PLAINTIFF.

35. PLAINTIFF was ordered to take off his tank top and boxer shorts in front of the police officer and then squat.

36. PLAINTIFF was never told why he was being strip searched.

37. PLAINTIFF's strip search was illegal, unauthorized, and contrary to applicable laws and regulations.

38. While PLAINTIFF was being strip searched, one of the police officers asked him, in sum and substance, if he knew where "the stuff is at."

39. PLAINTIFF responded that he did not know what the police officer was talking about.

40. The police officer then threatened, in sum and substance, that if PLAINTIFF did not tell them were "the stuff" was at, they were going to take his family away.

41. PLAINTIFF responded that he did not know what the police officer was talking about.

42. The police officers did not find any evidence of illegal activity from their strip search of PLAINTIFF.

43. PLAINTIFF was then removed from the apartment and placed in a police van, along with Jeremy Lugo, Nathaniel Lugo, and Michael Alverado.

44. When he was placed in the van, PLAINTIFF complained to the police officers that his handcuffs were too tight and causing him pain.

45. One of the police officers responded, in sum and substance, that they would take the handcuffs off when they got to the precinct.

46. PLAINTIFF was then driven around in the police van for approximately four hours.

47. PLAINTIFF was eventually taken to the 52nd Precinct.

48. PLAINTIFF was fingerprinted and photographed at the 52nd Precinct.

49. During the night of May 22, 2014, PLAINTIFF was transported to Bronx Central Booking.

50. PLAINTIFF was arraigned at approximately 12:00 p.m. on May 23, 2014.

51. At arraignment, PLAINTIFF was charged with Unlawful Possession of Marijuana (Penal Law 221.05), Criminal Possession of Marijuana in the 3rd Degree (Penal Law 221.20), Criminal Possession of Marijuana in the 4th Degree (Penal Law 221.15), Criminal Possession of Marijuana in the 5th Degree (Penal Law 221.10), and Criminally Using Drug Paraphernalia (Penal Law 220.50).

52. The charges against PLAINTIFF were based on police officers allegedly having found marijuana and scales containing marijuana residue in the bedrooms occupied by PLAINTIFF and the Lugo brothers. The police officers also allegedly found marijuana outside the Lugo brothers' bedroom window.

53. According to his sworn statement, defendant SIMPSON observed PLAINTIFF, Jeremy Lugo, Nathaniel Lugo, and Michael Alverado acting "in concert," in that he observed PLAINTIFF in a bedroom and the other gentlemen in another bedroom.

54. Defendant SIMPSON further claimed that he found two zip lock bags containing what looked like marijuana inside the drawer of a dresser and a scale with what looked like marijuana residue on top of the dresser inside the bedroom PLAINTIFF was occupying.

55. Defendant SIMPSON further claimed that he found marijuana and scales with what looked like marijuana residue in the bedroom being occupied by Jeremy Lugo, Nathaniel Lugo, and Michael Alverado.

56. Defendant SIMPSON further claimed he was informed by defendant LOSADO that LOSADO had observed marijuana outside the window of the bedroom being occupied by Jeremy Lugo, Nathaniel Lugo, and Michael Alverado.

57. Upon information and belief, the charges against PLAINTIFF was maliciously lodged by the individual defendants, were entirely fabricated, and without legal justification.

58. PLAINTIFF pled "not guilty" at arraignment.

59. PLAINTIFF was released on his own recognizance at approximately noon on May 23, 2014, after having spent approximately twenty-nine (29) hours in custody.

60. PLAINTIFF was compelled to return to Bronx County Criminal Court approximately four (4) times before the criminal charges against him were dismissed and sealed on December 4, 2014.

61. Upon information and belief, the criminal charges against Jeremy Lugo, Nathaniel Lugo, and Michael Alverado were also dismissed and sealed on December 4, 2014.

62. Defendants' conduct caused PLAINTIFF to suffer loss of liberty, physical injury, emotional and psychological pain, embarrassment, humiliation, harm to his reputation, and deprived him of his constitutional rights.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Violations of Fourth and Fourteenth Amendment Rights
### (Individual Defendants)

63. PLAINTIFF realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

64. In committing the acts and omissions complained of herein, defendants acted under color of state law to deprive PLAINTIFF of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

    a. the right to be free from unreasonable search and seizure of his person;

    b. the right to be free from excessive force;

    c. the right to be free from arrest without probable cause;

    d. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion, or legal justification, and of which detention PLAINTIFF was aware and to which he did not consent;

    e. the right to be free from the lodging of false criminal charges against him by police officers;

    f. the right to be free from malicious prosecution by police officers, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in PLAINTIFF's favor; and

    g. the right to be free from deprivation of liberty without due process of law.

65. As a direct and proximate result of defendant NYPD police officers SIMPSON's, LOSADO's and DOES' deprivation of PLAINTIFF's constitutional rights, PLAINTIFF suffered the injuries and damages set forth above.

66. The unlawful conduct of defendants SIMPSON, LOSADO and DOES was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### Violations of the New York State Constitution
### (Individual Defendants)

67. PLAINTIFF realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

68. Such conduct breached the protections guaranteed to PLAINTIFF by the New York State Constitution, including but not limited to, Article I, Secs. 6, and 12, and including the following rights:

   a. freedom from the lodging of false charges against them by police officers and prosecutors, including on information and belief, by some or all of the individual defendants;

   b. freedom from malicious prosecution by police officers and prosecutors, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in PLAINTIFFS' favor; and

69. The deprivation of PLAINTIFF's rights under the New York State Constitution resulted in the injuries and damages set forth above.

## THIRD CAUSE OF ACTION
### Malicious Prosecution
### (Individual Defendants)

70. PLAINTIFF realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

71. Defendant NYPD police officers SIMPSON, LOSADO, and DOES, through the foregoing acts, maliciously commenced a criminal proceeding against PLAINTIFF, which ended in PLAINTIFF's favor, without probable cause to believe PLAINTIFF was guilty of the crimes charged.

72. Defendant NYPD police officers SIMPSON, LOSADO, and DOES committed the foregoing acts intentionally, willfully, and maliciously, and are therefore liable for punitive damages.

### FOURTH CAUSE OF ACTION
*Respondeat Superior*

73. PLAINTIFF realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

74. At all relevant times, defendant NYPD police officers SIMPSON, LOSADO, and DOES were employees of the City and were acting within the scope of their employment.

75. The City is therefore vicariously liable under the doctrine of r*espondeat superior* for the actions of defendant NYPD police officers SIMPSON, LOSADO, and DOES set forth herein.

**DEMAND FOR RELIEF**

**WHEREFORE**, PLAINTIFF demands the following relief against the defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages from defendant NYPD police officers SIMPSON, LOSADO, and DOES to the extent allowable by law;

(c) attorney's fees;

(d) the costs and disbursements of this action;

(e) interest; and

(f) such other and further relief as this Court deems just and proper.

Dated:  New York, New York
August 20, 2015

                BELDOCK LEVINE & HOFFMAN LLP
                99 Park Avenue, Suite 2600
                New York, New York 10016
                (212) 490-0400


                   /s/Marc A. Cannan
                Myron Beldock
                Marc A. Cannan

                *Attorneys for Plaintiff Eric Silverio*